IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Champion Oc'ean Hough, ) | Case No.: 4:24-cv-0459-JD-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Justin Carroll; Joseph Carnes; ) | |
| Caroline Tyler; John Doe, SLED ) | |
| Officer #1; John Doe, SLED Officer #2; ) | |
| and John Doe, SLED Officer #3, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation[1] ("Report") of United States Magistrate Judge Kaymani D. West (DE 90), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses Defendants Justin Carroll, Joseph Carnes, and Caroline Tyler's Motion for Summary Judgment.[2] (DE 66.)

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2]     According to the Report, Plaintiff has also named as Defendants SLED Officer #1, SLED Officer #2, SLED Officer #3, all John Does. These individuals were never identified or served.

1

### A. Background

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

Plaintiff, proceeding *pro se* and currently incarcerated, initiated this action on January 30, 2024, and filed an Amended Complaint on May 28, 2024 (DE 27). Plaintiff alleges that on or about January 2, 2021, he was arrested outside a residence he shared with his father in connection with a parole violation. While Plaintiff was detained, several law enforcement officers, including Defendants Justin Carroll and Joseph Carnes, entered the residence and conducted a search. Plaintiff alleges that his cell phone was seized without a search warrant and subsequently transferred to Defendant Caroline Tyler, who allegedly sent it to law enforcement authorities in Pennsylvania. (DE 27.)

According to Defendants, Plaintiff had contacted law enforcement via 911, expressing concern for his safety and requesting a "show of force." Upon arrival at the scene, Defendant Carroll observed Plaintiff in an upstairs window, appearing to record deputies on his phone. After identifying an outstanding parole warrant, authorities requested that Plaintiff be taken into custody. (DE 66-1.) Defendant Carnes subsequently obtained a search warrant, which was signed by a state magistrate judge. (DE 66-2.) The South Carolina Law Enforcement Division ("SLED") assisted with the execution of the warrant, during which officers arrested Plaintiff and recovered a black cell phone and a loaded AR-15-style rifle from the residence.

(DE 66-1.) The incident report notes that Plaintiff's father provided verbal consent for the search. (DE 66-1.) On January 8, 2021, the cell phone was sent to a Pennsylvania law enforcement officer in response to an email request. (DE 77-1.)

Plaintiff seeks compensatory and punitive damages for alleged violations of his Fourth and Fourteenth Amendment rights, as well as for several state law causes of action, including conversion and replevin. (DE 27.)

### B. Report and Recommendation

On May 13, 2025, the Magistrate Judge issued the Report recommending that Defendants' Motion for Summary Judgment be granted in its entirety and that Plaintiff's claims be dismissed with prejudice. (DE 90.)

The Magistrate Judge found that the search and seizure of Plaintiff's cell phone were conducted pursuant to a valid search warrant, which authorized the search of the premises where the phone and a loaded firearm were discovered. (DE 66-2; DE 66-4; DE 90.) The Report further noted that Plaintiff's father gave verbal consent to search the apartment, which Plaintiff had acknowledged he jointly occupied. (DE 66-1; DE 90.) The phone and firearm were observed in plain view during a protective sweep, justifying their seizure under well-established Fourth Amendment doctrine. (DE 90.)

Regarding Plaintiff's Fourteenth Amendment due process claim, the Report found no violation, reasoning that Plaintiff received notice of the seizure and that no clearly established law required contemporaneous notice under the circumstances. (DE 90.)

The Report also rejected Plaintiff's conversion claim against Defendant Tyler, concluding that because the phone was lawfully seized, her subsequent transfer of the device to another law enforcement agency did not amount to unauthorized dominion over Plaintiff's property. (DE 90.)

Finally, the Magistrate Judge recommended that even if a constitutional violation had occurred, the individual Defendants were entitled to qualified immunity because their conduct did not violate any clearly established legal right. (DE 90.)

Accordingly, the Report and Recommendation concludes that summary judgment should be entered for all Defendants and that the case should be dismissed with prejudice.[3] (DE 90.)

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there

---

[3] Although objections to the Report and Recommendation were initially due by May 27, 2025, Plaintiff told the Court that he did not receive the Report until May 28, 2025. In light of this representation, Plaintiff moved for a 25-day extension to file objections. (DE 92.) The Court granted the motion and extended the deadline to July 17, 2025. (DE 93.)

On July 7, 2025—ten days before the extended deadline—Plaintiff filed a letter telling the Court that he could not respond to the Report because he had not received Defendants' reply brief. (DE 95.) However, the Report is based on a fully developed record, including briefing from all parties, and Plaintiff filed a substantive response to Defendants' motion for summary judgment. (DE 77.) The filing of a reply by Defendants does not prevent Plaintiff from addressing the legal and factual findings of the Report. Plaintiff's assertion provides no valid basis for his failure to file objections, and no objections were submitted by the extended deadline.

is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Because Plaintiff has not filed any objections to the Report and Recommendation, the Court has reviewed the Report and the record in this case for clear error. Having conducted that review, and finding no clear error on the face of the record, the Court adopts the Report and Recommendation (DE 90) and incorporates it herein by reference.

Accordingly, it is hereby **ORDERED** that Defendants' Motion for Summary Judgment (DE 66) is **GRANTED**, and Plaintiff's case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

*(signature)*
_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
July 29, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.