IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Champion Oc'ean Hough, ) | Case No.: 4:24-cv-0459-JD |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Justin Carroll; Joseph Carnes; ) | |
| Caroline Tyler; John Doe, SLED ) | |
| Officer #1; John Doe, SLED Officer #2; ) | |
| and John Doe, SLED Officer #3, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is pro se Plaintiff Champion Oc'ean Hough's ("Plaintiff" or "Hough") Motion to Reconsider (DE 107). In it, Plaintiff requests permission to "file an appeal" from the Court's summary judgment ruling, asserts that he was unable to receive or review Defendants' reply brief because of alleged legal-mail irregularities at SCI Albion, and seeks an opportunity to "properly plead" against defense counsel, including by pursuing a settlement conference and sealing the docket. (DE 107 at 1–2) (errors in original). Defendants have filed a response in opposition. (DE 113).

The Court construes the filing as a motion to alter or amend the Court's prior order (DE 97) under Federal Rule of Civil Procedure 59(e). That order adopted the Magistrate Judge's Report and Recommendation (DE 90), granted Defendants' motion for summary judgment (DE 66), and dismissed the action. For the reasons that follow, the motion is denied.[1]

---

[1] Also pending before the Court are Plaintiff's Motion to Change Venue (DE 119) and "Motion for order to resume" (DE 123). Plaintiff moves to change venue but offers no statutory basis for transfer, no factual showing that venue is improper here, and no argument that

1

## LEGAL STANDARD

"A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Specifically, the Court may reconsider its prior order only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Collison v. Int'l Chm. Workers Union,* 34 F.3d 233, 236 (4th Cir. 1994) (quoting another source).

"Clear error occurs when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Harvey*, 532 F.3d 326, 336–37 (4th Cir. 2008) (internal quotation marks omitted); *see also United States v. Martinez–Melgar*, 591 F.3d 733, 738 (4th Cir. 2010). Manifest injustice occurs when the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension ...." *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) (citations omitted).

## DISCUSSION

Plaintiff's motion is difficult to follow, but he appears to assert that (1) he did not timely receive Defendants' Reply to his Response in Opposition to Summary

---

transfer would serve the convenience of parties or witnesses or the interests of justice. *See* 28 U.S.C. §§ 1404(a), 1406(a). As for Plaintiff's purported "Motion for order to resume," he merely states that he has been transferred from SCI Albion and does not appear to request any specific relief. Therefore, both motions (DE 119, 123) are denied without further discussion.

Judgment, (2) he therefore could not adequately respond, (3) the Court's ruling relied on "false facts," and (4) he should be permitted to re-plead, pursue a settlement conference, seal the docket, or otherwise reopen the case. None of these arguments satisfies Rule 59(e).

First, the record contradicts Plaintiff's claim that he never received Defendants' Reply. As Defendants' response explains, the Reply was mailed to Plaintiff at his original facility on March 26, 2025, and mailed again to his updated address in Florida on April 15, 2025. (DE 113 at 2.) Plaintiff also filed a motion for leave to file a sur-reply (DE 87), demonstrating his awareness of the Reply. The Court denied that request. (DE 88). Even assuming delay, Plaintiff identifies no argument or evidence he was unable to raise that would change the outcome.

Second, Plaintiff points to no intervening change in law, no newly discovered evidence, and no clear error of law in the Court's prior ruling granting summary judgment. His conclusory allegation that the judgment was "based off false facts" is unsupported. Third, Plaintiff's requests for a settlement conference or to seal the docket are not bases for reconsideration. These are collateral requests that could have been raised earlier and do not affect the propriety of the Court's prior order.

Finally, to the extent Plaintiff seeks leave to "file an appeal with the district court," Rule 59(e) is not the proper mechanism for seeking extension of appellate deadlines, and nothing in his filing addresses Federal Rule of Appellate Procedure 4(a)(5)'s excusable-neglect standard. In short, Plaintiff "does not set forth any arguments of an intervening change in controlling law, new evidence not available at

the time, or to correct a clear error of law or prevent manifest injustice." (DE 113 at 1.) There is thus no basis to reconsider the Court's prior ruling.

## CONCLUSION

Plaintiff has not established a clear error of law, presented new evidence, or shown a change in controlling law. Nor has he shown that reconsideration is necessary to prevent manifest injustice. Accordingly, Plaintiff's Motion to Reconsider (DE 107) is **DENIED**.

Plaintiff's Motion to Change Venue (DE 119) and "Motion for order to resume" (DE 123) are also **DENIED** for the reasons stated in Footnote 1.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
December 8, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.